IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CARNEAL ROBINSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v | ) |
| | ) |
| CALUMET CITY, | ) |
| a municipal corporation, | ) |
| JOHN DOE OFFICERS, | ) |
| | ) |
| Defendants. | ) |

## COMPLAINT

The Plaintiff, CARNEAL ROBINSON, by and through his attorneys, DVORAK LAW OFFICES, LLC, complains against Defendant CALUMET CITY and Defendants JOHN DOE OFFICERS, ("the Defendant Officers"), and states as follows:

1. The Plaintiff, CARNEAL ROBINSON, is a resident of Cook County, State of Illinois.

2. Defendant CALUMET CITY is a city in Cook County, Illinois, and is a municipal corporation.

3. Defendant JOHN DOE OFFICERS are police officers who were working under color of law and in the course and scope of their employment with Calumet City at all relevant times pertinent to this complaint.

4. In the early morning hours of December 21, 2014, the Plaintiff was arrested in his own home without a warrant.

5. The Plaintiff remained in continuous custody without being afforded any court appearance or review of probable cause by a magistrate from, upon information and belief, approximately 2 a.m. on December 21, 2014, to approximately 11:30 p.m. on December 23, 2014, a total of approximately 69.5 hours.

6. Continued detens of longer than 48 hours without review of probable cause by a neutral

magistrate are presumptively unreasonable per the United States Supreme Court's decision in *Gerstein v. Pugh*, 420 U.S. 103 (1975) and its progeny.

7. Between the above dates and times, the aforementioned Defendant Officers were required, per *Gerstein* and its progeny, to ensure the Plaintiff was presented to a neutral magistrate for his initial court appearance or probable cause review or be released from custody, but they failed to do so.

8. The actions of the Defendant Officers were unreasonable, willful and wanton, and/or done with malice.

9. At the time of this occurrence, the Defendant Officers were acting under color of law, and within the scope of their employment as police officers employed by Calumet City.

10. There was no justification for the Defendant Officers to have failed to comply with the United States Supreme Court's decision in *Gerstein v. Pugh*, 420 U.S. 103 (1975).

11. The actions the Defendant Officers caused the Plaintiff to be deprived of his freedom, causing injury, including a loss of freedom and emotional damages.

12. Furthermore, while the Plaintiff was in custody, Defendant Officers performed an illegal search of the Plaintiff's home, and thereafter stole certain property from the Plaintiff, including but not limited to cash and valuable property.

13. The Plaintiff brings a Section 1983 claim against the Defendant Officers for illegally detaining him in violation of *Gerstein*, and also a separate Section 1983 claim for illegally searching his home and seizing property, all done without a warrant or other proper legal justification.

14. The Plaintiff also brings a *Monell* claim against Calumet City for its systematic practice of illegally detaining individuals in violation of Gerstein, and for its failure to train and discipline its police officers for their known continuance and systematic practice of violating individuals' rights under *Gerstein*.

15. Defendant Calumet City is also being sued on an indemnification theory of liability for the federal claims asserted against the Defendant Officers.

16. The Plaintiff also brings a state law claim of conversion against Defendant Calumet City. One or more of its police officers, acting within the course and scope of their employment, took the property of the Plaintiff without his authorization or legal justification, and they did so with the intent to permanently deprive the Plaintiff of this property, which includes but is not limited to cash and other valuable property.

WHEREFORE, the Plaintiff demands compensatory damages against the Defendants, plus the costs of this action, plus attorney's fees, any and other additional relief as this court deems equitable and just. In addition, the Plaintiff seeks punitive damages against the Defendant Officers.

**PLAINTIFF DEMANDS TRIAL BY JURY.**

Respectfully submitted,

s/ Richard Dvorak
Attorney for the Plaintiff

Richard Dvorak
DVORAK LAW OFFICES, LLC
6262 Kingery Highway, Suite 305
Willowbrook, IL 60527
312-593-7146 (p)
richard_dvorak@civilrightsdefenders.com