**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| CARNEAL ROBINSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No.: 2015 CV 06752 |
| ) | |
| CALUMET CITY, ) | |
| a municipal corporation, ) | |
| JOHN DOE OFFICERS, ) | |
| ) | |
| Defendants. ) | |

**DEFENDANT CALUMET CITY'S ANSWER TO PLAINTIFF'S COMPLAINT AT LAW AND AFFIRMATIVE DEFENSES**

The Defendant City of Calumet City, by its attorneys, Odelson & Sterk, Ltd., and for their Answer to Plaintiff's Complaint at Law state as follows:

1. The Plaintiff, CARNEAL ROBINSON, is a resident of Cook County, State of Illinois.

**ANSWER:** Defendant Calumet City is without knowledge or information sufficient to form a belief as to the truth of the matter asserted in paragraph 1.

2. Defendant CALUMET CITY, is a city in Cook County, Illinois and is a municipal corporation.

**ANSWER:** Defendant Calumet City admits the allegations set forth in paragraph 2.

3. Defendant JOHN DOE OFFICERS are police officers who were working under color of law and in the course and scope of their employment with Calumet City at all relevant times pertinent to this complaint.

**ANSWER:** Whether Calumet City Police Officers acted under color of law or within the scope of their employment at all relevant times pertinent to this complaint is a legal conclusion to which no answer is required. As to any remaining allegations contained in paragraph 3, Defendant Calumet City is without knowledge or information sufficient to form a belief as to the truth of the matter asserted.

4. In the early morning hours of December 21, 2014, the Plaintiff was arrested in his own home without a warrant.

**ANSWER:** Defendant Calumet City denies the allegations contained in paragraph 4.

5. The Plaintiff remained in continuous custody without being afforded any court appearance or review of probable cause by a magistrate from, upon information and belief, approximately 2 a.m. on December 21, 2014, to approximately 11:30 p.m. on December 23, 2014, a total of approximately 69.5 hours.

**ANSWER:** Defendant Calumet City admits only that Plaintiff remained in custody from approximately 7:30 a.m. on December 21, 2014 to approximately 11:30 p.m. on December 23, 2014. Defendant Calumet City denies the remaining allegations contained in paragraph 5.

6. Continued detains of longer than 48 hours without review of probable cause by a neutral magistrate are presumptively unreasonable per the United States Supreme Court's decision in *Gerstein v. Pugh*, 420 U.S. 103 (1975) and its progeny.

**ANSWER:** Paragraph 6 states a legal conclusion to which no answer is required.

7. Between the above dates and times, the aforementioned Defendant Officers were required, per *Gerstein* and its progeny, to ensure the Plaintiff was presented to a neutral magistrate for his initial court appearance or probable cause review or be released from custody, but they failed to do so.

**ANSWER:** Paragraph 7 states a legal conclusion to which no answer is required.

8. The actions of the Defendant Officers were unreasonable, willful and wanton, and/or done with malice.

**ANSWER:** Defendant Calumet City denies the actions of its Officers were unreasonable, willful and wanton, and/or done with malice. As to the remaining allegations contained in paragraph 8, Defendant Calumet City is without knowledge or information sufficient to form a belief as to the truth of the matter asserted.

9. At the time of this occurrence, the Defendant Officers were acting under color of law, and within the scope of their employment as police officers employed by Calumet City.

**ANSWER:** Whether Calumet City Police Officers acted under color of law or within the scope of their employment at the time of this occurrence is a legal conclusion to which no answer is required. As to any remaining allegations contained in paragraph 9, Defendant Calumet City is without knowledge or information sufficient to form a belief as to the truth of the matter asserted.

10. There was no justification for the Defendant Officers to have failed to comply with the United States Supreme Court's decision in *Gerstein v. Pugh*, 420 U.S. 103 (1975).

**ANSWER:** Paragraph 10 states a legal conclusion to which no answer is required. Alternatively, should an answer be required, Defendant City of Calumet City denies the allegations set forth in paragraph 10.

11. The actions the Defendant Officers caused the Plaintiff to be deprived of his freedom, causing injury, including a loss of freedom and emotional damages.

**ANSWER:** Defendant Calumet City denies its Officers caused the Plaintiff to be deprived of his freedom, causing injury, including a loss of freedom and emotional damages. As to any remaining allegations contained in paragraph 11, Defendant Calumet City is without knowledge or information sufficient to form a belief as to the truth of the matter asserted.

12. Furthermore, while the Plaintiff was in custody, Defendant Officers performed an illegal search of the Plaintiff's home, and thereafter stole certain property from the Plaintiff, including but not limited to cash and valuable property.

**ANSWER:** Defendant Calumet City denies that while the Plaintiff was in custody, Calumet City Police Officers performed an illegal search of the Plaintiff's home, and thereafter stole certain property from the Plaintiff, including but not limited to cash and valuable property. As to any remaining allegations contained in paragraph 12, Defendant Calumet City is without knowledge or information sufficient to form a belief as to the truth of the matter asserted.

13. The Plaintiff brings a Section 1983 claim against the Defendant Officers for illegally detaining him in violation of *Gerstein*, and also a separate Section 1983 claim for illegally searching his home and seizing property, all done without a warrant or other proper legal justification.

**ANSWER:** Defendant Calumet City admits that the Plaintiff states he is bringing a Section 1983 claim against the Defendant Officers for illegally detaining him in violation of *Gerstein* and also a separate Section 1983 claim for illegally searching his home and seizing

property, but Defendant Calumet City denies that Plaintiff is entitled to judgment in his favor on these claims.

14. The Plaintiff also brings a *Monell* claim against Calumet City for its systematic practice of illegally detaining individuals in violation of Gerstein, and for its failure to train and discipline its police officers for their known continuance and systematic practice of violating individuals' rights under *Gerstein*.

**ANSWER:** Defendant Calumet City admits that the Plaintiff states he is bringing a *Monell* claim against Calumet City for its systematic practice of illegally detaining individuals in violation of Gerstein and for its failure to train and discipline its police officers for their known continuance and systematic practice of violating individuals' rights under *Gerstein*, but Defendant Calumet City denies that Plaintiff is entitled to judgment in his favor on these claims.

15. Defendant Calumet City is also being sued on an indemnification theory of liability for the federal claims asserted against the Defendant Officers.

**ANSWER:** Calumet City admits that the Plaintiff states Defendant Calumet City is also being sued on an indemnification theory of liability for the federal claims asserted against the Defendant Officers, but Defendant Calumet City denies that Plaintiff is entitled to judgment in his favor on this claim.

16. The Plaintiff also brings a state law claim of conversion against Defendant Calumet City. One or more of its police officers, acting within the course and scope of their employment, took the property of the Plaintiff without his authorization or legal justification, and they did so with the intent to permanently deprive the Plaintiff of this property, which includes but is not limited to cash and other valuable property.

**ANSWER:** Calumet City admits that the Plaintiff states he is bringing a state law claim of conversion against Defendant Calumet City, but Defendant Calumet City denies that Plaintiff is entitled to judgment in his favor on this claim. Defendant Calumet City further denies the remaining allegations contained in paragraph 16.

WHEREFORE, Defendant City of Calumet City denies that Plaintiff is entitled to judgment or an award in his favor, and requests that judgment be entered in its favor and against Plaintiff, with costs.

## AFFIRMATIVE DEFENSES

**Affirmative Defense #1:**

At all times material to the events alleged in Plaintiff's complaint, a reasonably competent municipal officer, objectively viewing the facts and circumstances then confronting Defendant, could have believed that the actions taken by them were objectively reasonable and were within constitutional limits that were clearly established at the time. Defendant, therefore, is entitled to qualified immunity as a matter of law.

**Affirmative Defense #2**:

The City may not be held liable for any claim under § 1983 on the basis of *respondeat superior. Monell v. New York City Department of Social Services,* 436 U.S. 658 (1978).

**Affirmative Defense #3:**

Pursuant to Section 2-102 of the Tort Immunity Act, the City of Calumet City cannot be held liable for punitive damages. 745 ILCS 10/2-102.

**Affirmative Defense #4:**

Pursuant to Section 2-109 of the Tort Immunity Act, the City of Calumet City cannot be held liable for any injury resulting from the act or omission of its employee where the employee is not liable. 745 ILCS 10/2-109.

**Affirmative Defense #5:**

Under the Illinois Tort Immunity Act, the City of Calumet City is not liable under state law for any injury caused by the act or omission of another person. 745 ILCS 10/2-204.

          Respectfully submitted,

          CITY OF CALUMET CITY


By:     /s/ Amy E. Zale
          One of its attorneys

Richard F. Bruen, Jr.
Amy E. Zale
ODELSON & STERK, LTD.
3318 West 95th Street
Evergreen Park, IL 60805
(708) 424-5678
Attorney No. 91071