IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| CARNEAL ROBINSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v | ) | |
| | ) | |
| CALUMET CITY, | ) | |
| VILLAGE OF POSEN, | ) | |
| VILLAGE OF BURNHAM, | ) | CASE NO: 15-cv-6752 |
| municipal corporations; | ) | |
| SGT. BARICH, | ) | |
| OFFICER GUERRERO, | ) | |
| DET. JIM RANDALL; | ) | Hon. Judge Dow |
| FIREFIGHTERS BRYANT, | ) | |
| STAPLETON, DIETRICH, | ) | |
| BONIC and BALL, | ) | |
| Calumet City employees; | ) | |
| INV. J. DALEY, | ) | |
| Village of Burnham officer; | ) | |
| INV. C. DeMATO | ) | |
| Village of Posen officer; | ) | |
| INV. MATT GAINER, | ) | |
| CSI JOHN FOSTER, | ) | |
| CSI DAN GARCIA, | ) | |
| Illinois State Police employees, | ) | |
| | ) | |
| . | ) | |
| | ) | |
| Defendants. | ) | |

**FIRST AMENDED COMPLAINT**

The Plaintiff, CARNEAL ROBINSON, by and through his attorneys, DVORAK LAW OFFICES, LLC, complains against Defendant CALUMET CITY, Defendant VILLAGE OF POSEN, Defendant VILLAGE OF BURNHAM, Defendants BARICH, GUERRERO, RANDALL, BRYANT, STAPLETON, BIETRICH, BONIC, BALL, DALEY, DeMATO, GAINER, FOSTER, and GARCIA (together "the Defendants"), and states as follows:

    I.    **PARTIES**

        **PLAINTIFF:**

1. The Plaintiff, CARNEAL ROBINSON, is a resident of Cook County, State of Illinois.

   **INSTITUTIONAL/DEFENDANT EMPLOYERS (Hereinafter "Defendant Employers"):**

2. Defendant CALUMET CITY is a city in Cook County, Illinois, and is a municipal corporation.

3. Defendant VILLAGE OF POSEN is a village in Cook County, Illinois, and is a municipal corporation.

4. Defendant VILLAGE OF BURNHAM is a village in Cook County, Illinois, and is a municipal corporation.

   **INDIVIDUAL OFFICERS (Hereinafter collectively referred to as the "Individual Defendant Officers"):**

5. Defendants BARICH, GUERRERO, RANDALL, BRYANT, STAPLETON, DIETRICH, BONIC, and BALL are police officers and/or firefighters who were working under color of law and in the course and scope of their employment with the Defendant CALUMET CITY at all relevant times pertinent to this complaint.

6. Defendant DALEY is a police officer who was working under color of law and in the course and scope of his employment with the Defendant VILLAGE OF BURNHAM at all relevant times pertinent to this complaint.

7. Defendant DeMATO is a police officer who was working under color of law and in the course and scope of his employment with the Defendant VILLAGE OF POSEN at all relevant times pertinent to this complaint.

8. Defendants GAINER, FOSTER and GARCIA are RANDALL are Illinois State Police Officers.

II. **FACTS AND CLAIMS**

9. In the early morning hours of December 21, 2014, the Plaintiff was arrested at the Calumet

City Police Department by Defendants BARICH, DeMATO, and DALEY.

10. The Plaintiff remained in continuous custody of the Calumet City Police Department without being afforded any court appearance or review of probable cause by a magistrate from, upon information and belief, approximately 7:30 AM on December 21, 2014, to approximately 11:30 PM on December 23, 2014, a total of approximately 64 hours.

11. Continued detains of longer than 48 hours without review of probable cause by a neutral magistrate are presumptively unreasonable per the United States Supreme Court's decision in *Gerstein v. Pugh*, 420 U.S. 103 (1975) and its progeny.

12. Between the above dates and times, the aforementioned Defendants BARICH, DeMATO, and DALEY were required, per *Gerstein* and its progeny, to ensure the Plaintiff was presented to a neutral magistrate for his initial court appearance or probable cause review or be released from custody, but they failed to do so.

13. The actions of Defendants BARICH, DeMATO, and DALEY were unreasonable, willful and wanton, and/or done with malice.

14. At the time of this occurrence, the Defendants BARICH, DeMATO, and DALEY were acting under color of law, and within the scope of their employment as police officers employed by CALUMET CITY, the VILLAGE OF POSEN, and the VILLAGE OF BURNHAM.

15. There was no justification for Defendants BARICH, DeMATO, and DALEY to have failed to comply with the United States Supreme Court's decision in *Gerstein v. Pugh*, 420 U.S. 103 (1975).

16. The actions Defendants BARICH, DeMATO, and DALEY caused the Plaintiff to be deprived of his freedom, causing injury, including a loss of freedom and emotional damages.

17. Furthermore, while the Plaintiff was in custody, all of the Individual Defendant Officers

performed a search of the Plaintiff's home, illegally seizing certain property from the Plaintiff, including but not limited to cash, fixtures, appliances, jewelry, and other valuable property

18. The Plaintiff brings a Section 1983 claim against Defendants BARICH, DeMATO, and DALEY for illegally detaining him in violation of *Gerstein*, and also a separate Section 1983 claim against all Individual Defendant Officers, and Defendant Employers for illegally seizing his property.

19. The Plaintiff also brings a *Monell* claim against CALUMET CITY for its systematic practice of illegally detaining individuals in violation of *Gerstein*, and for its failure to train and discipline its police officers for their known continuance and systematic practice of violating individuals' rights under *Gerstein*.

20. The Defendant Employers are also being sued on an indemnification theory of liability for the federal claims asserted against the Individual Defendant Officers.

WHEREFORE, the Plaintiff demands compensatory damages against the Defendants, plus the costs of this action, plus attorney's fees, and any and other additional relief as this court deems equitable and just. In addition, the Plaintiff seeks punitive damages against the Individual Defendant Officers.

**PLAINTIFF DEMANDS TRIAL BY JURY.**

Respectfully submitted,

s/ Richard Dvorak
Attorney for the Plaintiff

Richard Dvorak
DVORAK LAW OFFICES, LLC
6262 Kingery Highway, Suite 305
Willowbrook, IL 60527
312-593-7146 (p)
richard_dvorak@civilrightsdefenders.com