IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CARNEAL ROBINSON,<br><br>       Plaintiff,<br><br>v.<br><br>CALUMET CITY, VILLAGE OF POSEN, VILLAGE OF BURNHAM, municipal corporations; SGT. BARICH, OFFICER GUERRERO, DET. JIM RANDALL; FIREFIGHTERS BRYANT, STAPLETON, DIETRICH, BONIC and BALL, Calumet City employees; INV. J. DALEY, Village of Burnham officer; INV. C. DeMATO Village of Posen officer; INV. MATT GAINER, CSI JOHN FOSTER, CSI DAN GARCIA, Illinois State Police employees,<br><br>       Defendants. | No. 15 cv 6752 |

**ANSWER TO FIRST AMENDED COMPLAINT**

NOW COME DEFENDANTS, J. DALEY and the VILLAGE OF BURNHAM, and for their Answer to the Plaintiff's First Amended Complaint, state the following:

    1.    The Plaintiff, CARNEAL ROBINSON, is a resident of Cook County, State of Illinois.

    **INSTITUTIONAL/DEFENDANT EMPLOYERS (Hereinafter "Defendant Employers"):**

**ANSWER:**    Defendants lack knowledge sufficient to form a belief as to the allegations of ¶1.

    2.    Defendant CALUMET CITY is a city in Cook County, Illinois, and is a municipal corporation.

**ANSWER:**    Defendants admit the allegations of ¶2.

3. Defendant VILLAGE OF POSEN is a village in Cook County, Illinois, and is a municipal corporation.

**ANSWER: Defendants admit the allegations of ¶3.**

4. Defendant VILLAGE OF BURNHAM is a village in Cook County, Illinois, and is a municipal corporation.

**ANSWER: Defendants admit the allegations of ¶4.**

> **INDIVIDUAL OFFICERS (Hereinafter collectively referred to as the "Individual Defendant Officers"):**

5. Defendants BARICH, GUERRERO, RANDALL, BRYANT, STAPLETON, DIETRICH, BONIC, and BALL are police officers and/or firefighters who were working under color of law and in the course and scope of their employment with the Defendant CALUMET CITY at all relevant times pertinent to this complaint.

**ANSWER: Defendants admit that the individual named Defendants in ¶5 were police officers and/or firefighters, but lack knowledge or information sufficient to form a belief as to the remaining allegations of ¶5.**

6. Defendant DALEY is a police officer who was working under color of law and in the course and scope of his employment with the Defendant VILLAGE OF BURNHAM at all relevant times pertinent to this complaint.

**ANSWER: Defendants admit the allegations of ¶6.**

7. Defendant DeMATO is a police officer who was working under color of law and in the course and scope of his employment with the Defendant VILLAGE OF POSEN at all relevant times pertinent to this complaint.

**ANSWER:** **Defendants admit that Defendant DeMato was a police officer employed with the Village of Posen, but lack knowledge or information sufficient to form a belief as to the remaining allegations of ¶7.**

8. Defendants GAINER, FOSTER and GARCIA are RANDALL are Illinois State Police Officers.

**ANSWER:** **Defendants admit the allegations of ¶8.**

9. In the early morning hours of December 21, 2014, the Plaintiff was arrested at the Calumet City Police Department by Defendants BARICH, DeMATO, and DALEY.

**ANSWER:** **Defendants deny the allegations of ¶9 as they pertain to defendant Daley, and lack knowledge or information sufficient to form a belief as to the remaining allegations of ¶9.**

10. The Plaintiff remained in continuous custody of the Calumet City Police Department without being afforded any court appearance or review of probable cause by a magistrate from, upon information and belief, approximately 7:30 AM on December 21, 2014, to approximately 11:30 PM on December 23, 2014, a total of approximately 64 hours.

**ANSWER:** **Defendants lack knowledge sufficient to form a belief as to the allegations of ¶10.**

11. Continued detains of longer than 48 hours without review of probable cause by a neutral magistrate are presumptively unreasonable per the United States Supreme Court's decision in *Gerstein v. Pugh,* 420 U.S. 103 (1975) and its progeny.

**ANSWER:** **Defendants admit only those legal principles announced by *Gerstein v. Pugh*, 420 U.S. 103 (1975), and its progeny.**

12. Between the above dates and times, the aforementioned Defendants BARICH, DeMATO, and DALEY were required, per *Gerstein* and its progeny, to ensure the Plaintiff was presented to a neutral magistrate for his initial court appearance or probable cause review or be released from custody, but they failed to do so.

**ANSWER: Defendants deny the allegations of ¶12 as they apply to defendant Daley, and lack knowledge or information sufficient to form a belief as to the remaining allegations of ¶12.**

13. The actions of Defendants BARICH, DeMATO, and DALEY were unreasonable, willful and wanton, and/or done with malice.

**ANSWER: Defendants deny the allegations of ¶13.**

14. At the time of this occurrence, the Defendants BARICH, DeMATO, and DALEY were acting under color of law, and within the scope of their employment as police officers employed by CALUMET CITY, the VILLAGE OF POSEN, and the VILLAGE OF BURNHAM.

**ANSWER: Defendants lack knowledge or information sufficient to form a belief as to what the Plaintiff means by "occurrence", but admit that at various times during the dates and times alleged defendant Daley acted under color of law and within the scope of his employment as a police officer for the Village of Burnham, and lack knowledge or information sufficient to form a belief as to the remaining allegations of ¶14.**

15. There was no justification for Defendants BARICH, DeMATO, and DALEY to have failed to comply with the United States Supreme Court's decision in *Gerstein v. Pugh,* 420 U.S. 103 (1975).

**ANSWER: Defendants deny the allegations of ¶15.**

16. The actions Defendants BARICH, DeMATO, and DALEY caused the Plaintiff to be deprived of his freedom, causing injury, including a loss of freedom and emotional damages.

**ANSWER:** **Defendants deny the allegations of ¶16.**

17. Furthermore, while the Plaintiff was in custody, all of the Individual Defendant Officers performed a search of the Plaintiff's home, illegally seizing certain property from the Plaintiff, including but not limited to cash, fixtures, appliances, jewelry, and other valuable property.

**ANSWER:** **Defendants deny the allegations of ¶17.**

18. The Plaintiff brings a Section 1983 claim against BARICH, DeMATO, and DALEY for illegally detaining him in violation of *Gerstein*, and also a separate Section 1983 claim against all Individual Defendant Officers, and Defendant Employers for illegally seizing his property.

**ANSWER:** **Defendants deny the allegations of ¶18.**

19. The Plaintiff also brings a *Monell* claim against CALUMET CITY for its systematic practice of illegally detaining individuals in violation of *Gerstein*, and for its failure to train and discipline its police officers for their known continuance and systematic practice of violating individuals' rights under *Gerstein*.

**ANSWER:** **Defendants lack knowledge or information sufficient to form a belief as to the allegations of ¶19.**

20. The Defendant Employers are also being sued on an indemnification theory of liability for the federal claims asserted against the Individual Defendant Officers.

**ANSWER:** **Defendants deny the allegations of ¶20.**

5

WHEREFORE, Defendants J. Daley, and the Village of Burnham pray that this Court enter judgment in their favor and against the Plaintiff.

### AFFIRMATIVE DEFENSES

Without prejudice to their prior denials, the defendants state the following as their Affirmative Defenses:

1. The First Amended Complaint fails to state a claim upon which relief can be granted.

2. Defendant Daley is entitled to qualified immunity in that no actions by him violated Plaintiff's clearly established constitutional rights.

3. Plaintiff has failed to mitigate his damages.

WHEREFORE, Defendants Inv. J. Daley and the Village of Burnham pray that this Court enter judgment in their favor and against the Plaintiff.

Respectfully submitted,

WOODSTOCK FIRE & RESCUE DISTRICT

By: _____
Thomas G. DiCianni

Thomas G. DiCianni / ARDC # 03127041
tdicianni@ancelglink.com
ANCEL, GLINK, DIAMOND, BUSH, DICIANNI & KRAFTHEFER, P.C.
140 South Dearborn Street, Sixth Floor
Chicago, Illinois 60603
(312) 782-7606
(312) 782-0943 Fax

## **CERTIFICATE OF SERVICE**

The undersigned, one of the attorneys of record herein, hereby certifies that on March 30, 2016, the foregoing Answer to First Amended Complaint was electronically filed with the Clerk of the U.S. District Court using the CM/ECF System, which will send notification of such filing to the following: Richard Dvorak at Richard_dvorak@civilrightsdefenders.com

s/ Thomas G. DiCianni
Thomas G. DiCianni, Attorney Bar #3127041
One of the Attorneys for Defendant

***ANCEL, GLINK, DIAMOND, BUSH,
DICIANNI & KRAFTHEFER, P.C.***
140 South Dearborn Street, 6th Floor
Chicago, Illinois 60603
Telephone:  (312) 782-7606
Facsimile:  (312) 782-0943
E-Mail:  tdicianni@ancelglink.com

4826-9353-1439, v. 1