**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| CARNEAL ROBINSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No.: 15-cv-6752 |
| ) | |
| CALUMET CITY, et al., ) | Hon. Robert M. Dow, Jr. |
| ) | |
| Defendants. ) | |

**DEFENDANTS, VILLAGE OF POSEN and CHRISTOPHER DeMATO'S,
ANSWER AND AFFIRMATIVE DEFENSES TO
PLAINTIFF'S FIRST AMENDED COMPLAINT**

Now Come the Defendants, VILLAGE OF POSEN and CHRISTOPHER DeMATO (hereinafter collectively referred to as "Defendants"), by and through their attorneys, PATTON & RYAN, LLC, and for their Answer and Affirmative Defenses to Plaintiff's First Amended Complaint, state as follows:

**I.      PARTIES**

**PLAINTIFF:**

1.      The Plaintiff, CARNEAL ROBINSON, is a resident of Cook County, State of Illinois.

**ANSWER:**   Defendants are without knowledge or information sufficient to form a belief as to the truth of the matter asserted in paragraph 1.

**INSTITUTIONAL/DEFENDANT EMPLOYERS (Hereinafter "Defendant Employers"):**

2.      Defendant CALUMET CITY is a city in Cook County, Illinois, and is a municipal corporation.

**ANSWER:**   Defendants admit the allegations set forth in paragraph 2.

3. Defendant VILLAGE OF POSEN is a village in Cook County, Illinois, and is a municipal corporation.

**ANSWER:** Defendants admit the allegations set forth in paragraph 3.

4. Defendant VILLAGE OF BURNHAM is a village in Cook County, Illinois, and is a municipal corporation.

**ANSWER:** Defendants admit the allegations set forth in paragraph 4.

**INDIVIDUAL OFFICERS (Hereinafter collectively referred to as the "Individual Defendant Officers"):**

5. Defendants BARICH, GUERRERO, RANDALL, BRYANT, STAPLETON, DIETRICH, BONIC, and BALL are police officers and/or firefighters who were working under color of law and in the course and scope of their employment with the Defendant CALUMET CITY at all relevant times pertinent to this complaint.

**ANSWER:** Defendants are without knowledge or information sufficient to form a belief as to the truth of the matter asserted in paragraph 5.

6. Defendant DALEY is a police officer who was working under color of law and in the course and scope of his employment with the Defendant VILLAGE OF BURNHAM at all relevant times pertinent to this complaint.

**ANSWER:** Defendants are without knowledge or information sufficient to form a belief as to the truth of the matter asserted in paragraph 6.

7. Defendant DeMATO is a police officer who was working under color of law and in the course and scope of his employment with the Defendant VILLAGE OF POSEN at all times relevant pertinent to this complaint.

**ANSWER:** Defendants admit that Defendant DeMato is a police officer employed by the Village of Posen. The remainder of paragraph 7 sets forth legal conclusions to which no answer is required.

2

8. Defendants GAINER, FOSTER and GARCIA and RANDALL are Illinois State Police Officers.

**ANSWER:** Defendants are without knowledge or information sufficient to form a belief as to the truth of the matter asserted in paragraph 8.

## II. FACTS AND CLAIMS

9. In the early morning hours of December 21, 2014, the Plaintiff was arrested at the Calumet City Police Department by Defendants BARICH, DeMATO, and DALEY.

**ANSWER:** Defendants deny the allegations of paragraph 9 as they pertain to Defendant DeMato, and lack knowledge or information sufficient to form a belief as to the remaining allegations of paragraph 9.

10. The Plaintiff remained in continuous custody of the Calumet City Police Department without being afforded any court appearance or review of probable cause by a magistrate from, upon information and belief, approximately 7:30 AM on December 21, 2014, to approximately 11:30 PM on December 23, 2014, a total of approximately 64 hours.

**ANSWER:** Defendants are without knowledge or information sufficient to form a belief as to the truth of the matter asserted in paragraph 10.

11. Continued detains of longer than 48 hours without review of probable cause by a neutral magistrate are presumptively unreasonable per the United States Supreme Court's decision in *Gerstein v. Pugh,* 420 U.S. 103 (1975) and its progeny.

**ANSWER:** Paragraph 11 states a legal conclusion to which no answer is required.

12. Between the above dates and times, the aforementioned Defendants BARICH, DeMATO, and DALEY were required, per *Gerstein* and its progeny, to ensure the Plaintiff was presented to a neutral magistrate for his initial court appearance or probable cause review or be released from custody, but they failed to do so.

**ANSWER:** Paragraph 12 states a legal conclusion to which no answer is required.

13. The actions of Defendants BARICH, DeMATO and DALEY were unreasonable, willful and wanton, and/or done with malice.

**ANSWER:** Defendants deny the allegations of paragraph 13 as to Defendant DeMato. As to the remaining allegations contained in paragraph 13, Defendants are without knowledge or information sufficient to form a belief as to the truth of the matter asserted.

14. At the time of this occurrence, the Defendants BARICH, DeMATO, and DALEY were acting under color of law, and within the scope of their employment as police officers employed by CALUMET CITY, the VILLAGE OF POSEN, and the VILLAGE OF BURNHAM.

**ANSWER:** Whether Defendant DeMato acted under color of law or within the scope of his employment at the time of this occurrence is a legal conclusion to which no answer is required. As to any remaining allegations contained in paragraph 14, Defendants are without knowledge or information sufficient to form a belief as to the truth of the matter asserted.

15. There was no justification for Defendants BARICH, DeMATO, and DALEY to have failed to comply with the United States Supreme Court's decision in *Gerstein v. Pugh,* 420 U.S. 103 (1975).

**ANSWER:** Paragraph 15 states a legal conclusion to which no answer is required. Alternatively, should an answer be required, Defendants deny the allegations of paragraph 15 as they pertain to Defendant DeMato.

16. The actions Defendants BARICH, DeMATO, and DALEY caused the Plaintiff to be deprived of his freedom, causing injury, including a loss of freedom and emotional damages.

**ANSWER:** Defendants deny that Defendant DeMato caused the Plaintiff to be deprived of his freedom, causing injury, including a loss of freedom and emotional damages. As

to the remaining allegations contained in paragraph 16, Defendants are without knowledge or information sufficient to form a belief as to the truth of the matter asserted.

17. Furthermore, while the Plaintiff was in custody, all of the Individual Defendant Officers performed a search of the Plaintiff's home, illegally seizing certain property from the Plaintiff, including but not limited to cash, fixtures, appliances, jewelry, and other valuable property.

**ANSWER:** Defendants deny that while the Plaintiff was in custody, Defendant DeMato performed an illegal search of the Plaintiff's home, and thereafter stole certain property from the Plaintiff, including but not limited to cash, fixtures, appliances, jewelry and other valuable property. As to any remaining allegations contained in paragraph 17, Defendants are without knowledge or information sufficient to form a belief as to the truth of the matter asserted.

18. The Plaintiff brings a Section 1983 claim against Defendants BARICH, DeMATO, and DALEY for illegally detaining him in violation of *Gerstein,* and also a separate Section 1983 claim against all Individual Defendant Officers, and Defendant Employers for illegally seizing his property.

**ANSWER:** Defendants admit that the Plaintiff states he is bringing a Section 1983 claim against the Defendant Officers for illegally detaining him in violation of *Gerstein* and also a separate 1983 claim for illegally searching his home and seizing property, but Defendants deny that Plaintiff is entitled to judgment in his favor on these claims against the Defendants. As to the remaining allegations contained in paragraph 18, Defendants are without knowledge or information sufficient to form a belief as to the truth of the matter asserted.

19. The Plaintiff also brings a *Monell* claim against CALUMET CITY for its systematic practice of illegally detaining individuals in violation of *Gerstein,* and for its failure to

train and discipline its police officers for their known continuance and systematic practice of violating individuals' rights under *Gerstein.*

**ANSWER:** Defendants admit that the Plaintiff states he is bringing a *Monell* claim against Calumet City for its systematic practice of illegally detaining individuals in violation of *Gerstein* and for its failure to train and discipline its police officers for their known continuance and systematic practice of violating individuals' rights under *Gerstein.* As to the remaining allegations contained in paragraph 19, Defendants are without knowledge or information sufficient to form a belief as to the truth of the matter asserted.

20. The Defendant Employers are also being sued on an indemnification theory of liability for the federal claims asserted against the Individual Defendant Officers.

**ANSWER:** Defendants admit that the Plaintiff states Defendant Employers are also being sued on an indemnification theory of liability for the federal claims asserted against the Individual Defendant Officers, but Defendants deny that Plaintiff is entitled to judgment in his favor against the Defendants on this claim. As to any remaining allegations contained in paragraph 20, Defendants are without knowledge or information sufficient to form a belief as to the truth of the matter asserted.

WHEREFORE, Defendants, VILLAGE OF POSEN and CHRISTOPHER DeMATO, deny that Plaintiff is entitled to judgment or an award in his favor, and request that judgment be entered in their favor and against Plaintiff, with costs.

**AFFIRMATIVE DEFENSES**

**Affirmative Defense No. 1:** At all times material to the events alleged in Plaintiff's complaint, a reasonably competent municipal officer, objectively viewing the facts and circumstances then confronting Defendant, could have believed that the actions taken by them

6

were objectively reasonable and were within constitutional limits that were clearly established at the time. Defendants, therefore, are entitled to qualified immunity as a matter of law.

**Affirmative Defense No. 2:** The Village of Posen may not be held liable for any claim under § 1983 on the basis of *respondeat superior. Monell v. New York City Department of Social Services,* 436 U.S. 658 (1978).

**Affirmative Defense No. 3:** Pursuant to Section 2-201 of the Illinois Tort Immunity Act, the Village of Posen cannot be held liable for punitive damages. *745 ILCS 10/2-102.*

**Affirmative Defense No. 4:** Pursuant to Section 2-109 of the Illinois Tort Immunity Act, the Village of Posen cannot be held liable for any injury resulting from the act or omission of its employee where the employee is not liable. *745 ILCS 10/2-109.*

**Affirmative Defense No. 5:** Under the Illinois Tort Immunity Act, Defendants are not liable under state law for any injury caused by the act or omission of another person. *745 ILCS 10/2-204.*

**Affirmative Defense No. 6:** Under the Illinois Tort Immunity Act, Defendants are not liable for acts or omissions in the execution or enforcement of any law unless such act or omission constitute willful and wanton conduct. *745 ILCS 10/2-202.*

**Affirmative Defense No. 7:** Under the Illinois Tort Immunity Act, Defendants are not liable for any injury to Plaintiff arising out of entry upon Plaintiff's property, as such entry was authorized by law. *745 ILCS 10/2-209.*

**Affirmative Defense No. 8:** Under the Illinois Tort Immunity Act, Defendants are not liable for any failure to provide adequate police protection or service or failure to prevent the commission of crimes. *745 ILCS 10/4-102.*

Dated: April 27, 2016

        Respectfully Submitted,
        Defendants, VILLAGE OF POSEN and
        CHRISTOPHER DeMATO,

By:   /s/ Natalie J. Eschbach
        John W. Patton, Jr.
        Stephen R. Niemeyer
        Natalie J. Eschbach
        PATTON & RYAN LLC
        330 N. Wabash, Suite 3800
        Chicago, IL 60611
        Telephone: (312) 261-5160
        Facsimile:  (312) 261-5161
        jpatton@pattonryan.com
        sniemeyer@pattonryan.com
        neschbach@pattonryan.com