**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| CARNEAL ROBINSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v | ) | |
| | ) | |
| CALUMET CITY, VILLAGE OF POSEN, | ) | |
| VILLAGE OF BURNHAM, municipal | ) | Case No.: 15-cv-6752 |
| corporations; SGT. BARICH, OFFICER | ) | |
| GUERRERO, DET. JIM RANDALL; | ) | Hon. Judge Dow |
| FIREFIGHTERS BRYANT, STAPLETON, | ) | |
| DIETRICH, BONIC and BALL, Calumet City | ) | |
| employees; INV. J. DALEY, Village of Burnham | ) | |
| officer; INV. C. DeMATO Village of Posen officer; | ) | |
| INV. MATT GAINER, CSI JOHN FOSTER, | ) | |
| CSI DAN GARCIA, Illinois State Police employees,) | | |
| | ) | |
| Defendants. | ) | |

**CALUMET CITY'S ANSWER TO SECOND AMENDED COMPLAINT**
**AND AFFIRMATIVE DEFENSES**

Defendant City of Calumet City, by its attorneys, Odelson & Sterk, Ltd., and for their

Answer to Plaintiff's Second Amended Complaint at Law state as follows:

1. The Plaintiff, CARNEAL ROBINSON, is a resident of Cook County, State of
Illinois.

**ANSWER:** Defendant Calumet City is without knowledge or information sufficient to form a
belief as to the truth of the matter asserted in paragraph 1.

**INSTITUTIONAL/DEFENDANT EMPLOYERS (Hereinafter "Defendant
Employers")**

2. Defendant CALUMET CITY is a city in Cook County, Illinois, and is a municipal
corporation.

**ANSWER:** Defendant Calumet City admits the allegations set forth in paragraph 2.

3.      Defendant VILLAGE OF POSEN is a village in Cook County, Illinois, and is a municipal corporation.

**ANSWER:** Defendant Calumet City admits the allegations set forth in paragraph 3.

4.      Defendant VILLAGE OF BURNHAM is a village in Cook County, Illinois, and is a municipal corporation.

**ANSWER:** Defendant Calumet City admits the allegations set forth in paragraph 4.

**INDIVIDUAL OFFICERS (Hereinafter collectively referred to as the "Individual Defendant Officers"):**

5.      Defendants BARICH, GUERRERO, RANDALL, BRYANT, STAPLETON, DIETRICH, BONIC, and BALL are police officers and/or firefighters who were working under color of law and in the course and scope of their employment with the Defendant CALUMET CITY at all relevant times pertinent to this complaint.

**ANSWER:**      Defendant Calumet City admits that Defendants Barich, Guerrero, Randall, Bryant, Stapleton, Dietrich, Bonic and Ball are police officers or firefighters employed by the City of Calumet City. The remainder of paragraph 5 sets forth legal conclusions to which no answer is required.

6.      Defendant DALEY is a police officer who was working under color of law and in the course and scope of his employment with the Defendant VILLAGE OF BURNHAM at all relevant times pertinent to this complaint.

**ANSWER:**      Defendant Calumet City is without knowledge or information sufficient to form a belief as to the truth of the matter asserted in paragraph 6.

7.      Defendant DeMATO is a police officer who was working under color of law and in the course and scope of his employment with the Defendant VILLAGE OF POSEN at all relevant times pertinent to this complaint.

**ANSWER:**      Defendant Calumet City is without knowledge or information sufficient to form a belief as to the truth of the matter asserted in paragraph 7.

8.      Defendants GAINER, FOSTER and GARCIA are RANDALL are Illinois State Police Officers.

**ANSWER:**      Defendant Calumet City is without knowledge or information sufficient to form a belief as to the truth of the matter asserted in paragraph 8.

## II.     FACTS AND CLAIMS

9.      In the early morning hours of December 21, 2014, the Plaintiff was arrested at the Calumet City Police Department by Defendants BARICH, DeMATO, and DALEY.

**ANSWER:**     Defendant Calumet City admits Defendant Barich was the arresting officer of Plaintiff on December 21, 2014 at the Calumet City Police Department. Defendant Calumet City denies the remaining allegations contained in paragraph 9.

10.     The Plaintiff remained in continuous custody of the Calumet City Police Department without being afforded any court appearance or review of probable cause by a magistrate from, upon information and belief, approximately 7:30 AM on December 21, 2014, to approximately 11:30 PM on December 23, 2014, a total of approximately 64 hours.

**ANSWER:**     Defendant Calumet City admits the allegations contained in paragraph 10.

11.     Continued detains of longer than 48 hours without review of probable cause by a neutral magistrate are presumptively unreasonable per the United States Supreme Court's decision in Gerstein v. Pugh, 420 U.S. 103 (1975) and its progeny.

**ANSWER:**  Paragraph 11 states a legal conclusion to which no answer is required.

12.     Between the above dates and times, the aforementioned Defendants BARICH, DeMATO, and DALEY were required, per Gerstein and its progeny, to ensure the Plaintiff was presented to a neutral magistrate for his initial court appearance or probable cause review or be released from custody, but they failed to do so.

**ANSWER:**  Paragraph 12 states a legal conclusion to which no answer is required.

13.      The actions of Defendants BARICH, DeMATO, and DALEY were unreasonable, willful and wanton, and/or done with malice.

**ANSWER:**     Defendant Calumet City denies the actions of Defendant Barich were unreasonable, willful and wanton, and/or done with malice. As to the remaining allegations contained in paragraph 13, Defendant Calumet City is without knowledge or information sufficient to form a belief as to the truth of the matter asserted.

14.     At the time of this occurrence, the Defendants BARICH, DeMATO, and DALEY were acting under color of law, and within the scope of their employment as police officers employed by CALUMET CITY, the VILLAGE OF POSEN, and the VILLAGE OF BURNHAM.

**ANSWER:**  Whether Sergeant Barich acted under color of law or within the scope of his

employment at the time of this occurrence is a legal conclusion to which no answer is required. As to any remaining allegations contained in paragraph 14, Defendant Calumet City is without knowledge or information sufficient to form a belief as to the truth of the matter asserted.

15.     There was no justification for Defendants BARICH, DeMATO, and DALEY to have failed to comply with the United States Supreme Court's decision in Gerstein v. Pugh, 420 U.S. 103 (1975).

**ANSWER:**     Paragraph 15 states a legal conclusion to which no answer is required. Alternatively, should an answer be required, Defendant City of Calumet City denies the allegations set forth in paragraph 15.

16.     The actions Defendants BARICH, DeMATO, and DALEY caused the Plaintiff to be deprived of his freedom, causing injury, including a loss of freedom and emotional damages.

**ANSWER:**     Defendant Calumet City denies Defendant Barich caused the Plaintiff to be deprived of his freedom, causing injury, including a loss of freedom and emotional damages. As to the remaining allegations contained in paragraph 16, Defendant Calumet City is without knowledge or information sufficient to form a belief as to the truth of the matter asserted.

17.     Furthermore, while the Plaintiff was in custody, all of the Individual Defendant Officers performed a search of the Plaintiff's home, illegally seizing certain property from the Plaintiff, including but not limited to cash, fixtures, appliances, jewelry, and other valuable property.

**ANSWER:**     Defendant Calumet City denies that while the Plaintiff was in custody, Calumet City Police Officers performed an illegal search of the Plaintiff's home, and thereafter stole certain property from the Plaintiff, including but not limited to cash and valuable property. As to any remaining allegations contained in paragraph 12, Defendant Calumet City is without knowledge or information sufficient to form a belief as to the truth of the matter asserted.

18.     The Plaintiff brings a Section 1983 claim against Defendants BARICH, DeMATO, and DALEY for illegally detaining him in violation of *Gerstein*.

**ANSWER:**     Defendant Calumet City admits that the Plaintiff states he is bringing a Section 1983 claim against the Defendant Officers for illegally detaining him in violation of *Gerstein*, but Defendant Calumet City denies that Plaintiff is entitled to judgment in his favor on this claim against Defendant Calumet City or any of its employees. As to the remaining allegations contained in paragraph 18, Defendant Calumet City is without knowledge or information sufficient to form a belief as to the truth of the matter asserted.

19.    The Plaintiff brings a separate Section 1983 claim against all Individual Defendant Officers, and Defendant Employers, for the illegally [sic] seizure of Plaintiff's property and/or for their failure to intervene to prevent the unlawful seizure of Plaintiff's property.  Each individual Defendant Officer, who did not personally remove or damage property from the Plaintiff's home, had an opportunity to intervene, but failed to do so.

**ANSWER:**    Defendant Calumet City admits that the Plaintiff states he is bringing a Section 1983 claim against the Individual Defendant Officers and Defendant Employers for the illegal seizure of Plaintiff's property and/or for their failure to intervene to prevent the unlawful seizure of Plaintiff's property, but Defendant Calumet City denies that Plaintiff is entitled to judgment in his favor on these claims against Defendant Calumet City or any of its employees.  As to the remaining allegations contained in paragraph 19, Defendant Calumet City is without knowledge or information sufficient to form a belief as to the truth of the matter asserted.

20. The Plaintiff also brings a *Monell* claim against CALUMET CITY for its systematic practice of illegally detaining individuals in violation of Gerstein, and for its failure to train and discipline its police officers for their known continuance and systematic practice of violating individuals' rights under Gerstein.

**ANSWER:**  Defendant Calumet City admits that the Plaintiff states he is bringing a *Monell* claim against Calumet City for its systematic practice of illegally detaining individuals in violation of Gerstein and for its failure to train and discipline its police officers for their known continuance and systematic practice of violating individuals' rights under *Gerstein*, but Defendant Calumet City denies that Plaintiff is entitled to judgment in his favor on this claim.

21.    The Defendant Employers are also being sued on an indemnification theory of liability for the federal claims asserted against the Individual Defendant Officers.

**ANSWER:**  Calumet City admits that the Plaintiff states Defendant Employers are also being sued on an indemnification theory of liability for the federal claims asserted against the Individual Defendant Officers, but Defendant Calumet City denies that Plaintiff is entitled to judgment in his favor against Defendant Calumet City on this claim. As to any remaining allegations contained in paragraph 20, Defendant Calumet City is without knowledge or information sufficient to form a belief as to the truth of the matter asserted.

WHEREFORE, Defendant City of Calumet City denies that Plaintiff is entitled to judgment or an award in his favor, and requests that judgment be entered in its favor and against Plaintiff, with costs.

**<u>AFFIRMATIVE DEFENSES</u>**

**Affirmative Defense #1:**

At all times material to the events alleged in Plaintiff's complaint, a reasonably competent municipal officer, objectively viewing the facts and circumstances then confronting Defendant, could have believed that the actions taken by them were objectively reasonable and were within constitutional limits that were clearly established at the time. Defendant, therefore, is entitled to qualified immunity as a matter of law.

**Affirmative Defense #2**:

The City may not be held liable for any claim under § 1983 on the basis of *respondeat superior. Monell v. New York City Department of Social Services,* 436 U.S. 658 (1978).

**Affirmative Defense #3:**

Pursuant to Section 2-102 of the Tort Immunity Act, the City of Calumet City cannot be held liable for punitive damages. 745 ILCS 10/2-102.

**Affirmative Defense #4:**

Pursuant to Section 2-109 of the Tort Immunity Act, the City of Calumet City cannot be held liable for any injury resulting from the act or omission of its employee where the employee is not liable. 745 ILCS 10/2-109.

**Affirmative Defense #5:**

Under the Illinois Tort Immunity Act, the City of Calumet City is not liable under state law for any injury caused by the act or omission of another person. 745 ILCS 10/2-204.

Respectfully submitted,

CITY OF CALUMET CITY

By:       /s/ Amy E. Zale
          One of its attorneys

Richard F. Bruen, Jr.
Amy E. Zale
ODELSON & STERK, LTD.
3318 West 95th Street
Evergreen Park, IL 60805
(708) 424-5678