## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| CARNEAL ROBINSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v ) | |
| ) | |
| CALUMET CITY, VILLAGE OF POSEN, ) | |
| VILLAGE OF BURNHAM, municipal ) | Case No.: 15-cv-6752 |
| corporations; SGT. BARICH, OFFICER ) | |
| GUERRERO, DET. JIM RANDALL; ) | Hon. Judge Dow |
| FIREFIGHTERS BRYANT, STAPLETON, ) | |
| DIETRICH, BONIC and BALL, Calumet City ) | |
| employees; INV. J. DALEY, Village of Burnham ) | |
| officer; INV. C. DeMATO Village of Posen officer; ) | |
| INV. MATT GAINER, CSI JOHN FOSTER, ) | |
| CSI DAN GARCIA, Illinois State Police employees,) | |
| ) | |
| Defendants. ) | |

### SERGEANT BARICH'S ANSWER TO SECOND AMENDED COMPLAINTAND AFFIRMATIVE DEFENSES

Defendant Barich by his attorneys, Odelson & Sterk, Ltd., and for his Answer to Plaintiff's Second Amended Complaint at Law state as follows:

1. The Plaintiff, CARNEAL ROBINSON, is a resident of Cook County, State of Illinois.

**ANSWER:** Defendant Barich is without knowledge or information sufficient to form a belief as to the truth of the matter asserted in paragraph 1.

**INSTITUTIONAL/DEFENDANT EMPLOYERS (Hereinafter "Defendant Employers")**

2. Defendant CALUMET CITY is a city in Cook County, Illinois, and is a municipal corporation.

**ANSWER:** Defendant Barich admits the allegations set forth in paragraph 2.

3.      Defendant VILLAGE OF POSEN is a village in Cook County, Illinois, and is a municipal corporation.

**ANSWER:**  Defendant Barich admits the allegations set forth in paragraph 3.

4.      Defendant VILLAGE OF BURNHAM is a village in Cook County, Illinois, and is a municipal corporation.

**ANSWER:**  Defendant Barich admits the allegations set forth in paragraph 4.

**INDIVIDUAL OFFICERS (Hereinafter collectively referred to as the "Individual Defendant Officers"):**

5.      Defendants BARICH, GUERRERO, RANDALL, BRYANT, STAPLETON, DIETRICH, BONIC, and BALL are police officers and/or firefighters who were working under color of law and in the course and scope of their employment with the Defendant CALUMET CITY at all relevant times pertinent to this complaint.

**ANSWER:**   Defendant Barich admits that Defendants Barich, Guerrero, Randall, Bryant, Stapleton, Dietrich, Bonic and Ball are or were police officers or firefighters employed by the City of Calumet City at the time of the subject incident. The remainder of paragraph 5 sets forth legal conclusions to which no answer is required.

6.      Defendant DALEY is a police officer who was working under color of law and in the course and scope of his employment with the Defendant VILLAGE OF BURNHAM at all relevant times pertinent to this complaint.

**ANSWER:**   Defendant Barich is without knowledge or information sufficient to form a belief as to the truth of the matter asserted in paragraph 6.

7.      Defendant DeMATO is a police officer who was working under color of law and in the course and scope of his employment with the Defendant VILLAGE OF POSEN at all relevant times pertinent to this complaint.

**ANSWER:**   Defendant Barich is without knowledge or information sufficient to form a belief as to the truth of the matter asserted in paragraph 7.

8.      Defendants GAINER, FOSTER and GARCIA are RANDALL are Illinois State Police Officers.

**ANSWER:**   Defendant Barich is without knowledge or information sufficient to form a belief as to the truth of the matter asserted in paragraph 8.

## II.     FACTS AND CLAIMS

9. In the early morning hours of December 21, 2014, the Plaintiff was arrested at the Calumet City Police Department by Defendants BARICH, DeMATO, and DALEY.

**ANSWER:** Defendant Barich admits he was the arresting officer of Plaintiff on December 21, 2014 at the Calumet City Police Department. Defendant Barich denies the remaining allegations contained in paragraph 9.

10. The Plaintiff remained in continuous custody of the Calumet City Police Department without being afforded any court appearance or review of probable cause by a magistrate from, upon information and belief, approximately 7:30 AM on December 21, 2014, to approximately 11:30 PM on December 23, 2014, a total of approximately 64 hours.

**ANSWER:** Defendant Barich admits the allegations set forth in paragraph 10.
.

11. Continued detains of longer than 48 hours without review of probable cause by a neutral magistrate are presumptively unreasonable per the United States Supreme Court's decision in Gerstein v. Pugh, 420 U.S. 103 (1975) and its progeny.

**ANSWER:** Paragraph 11 states a legal conclusion to which no answer is required.

12. Between the above dates and times, the aforementioned Defendants BARICH, DeMATO, and DALEY were required, per Gerstein and its progeny, to ensure the Plaintiff was presented to a neutral magistrate for his initial court appearance or probable cause review or be released from custody, but they failed to do so.

**ANSWER:** Paragraph 12 states a legal conclusion to which no answer is required.

13. The actions of Defendants BARICH, DeMATO, and DALEY were unreasonable, willful and wanton, and/or done with malice.

**ANSWER:** Defendant Barich denies his actions were unreasonable, willful and wanton, and/or done with malice. As to the remaining allegations contained in paragraph 13, Defendant Barich is without knowledge or information sufficient to form a belief as to the truth of the matter asserted.

14. At the time of this occurrence, the Defendants BARICH, DeMATO, and DALEY were acting under color of law, and within the scope of their employment as police officers employed by CALUMET CITY, the VILLAGE OF POSEN, and the VILLAGE OF BURNHAM.

**ANSWER:** Whether Defendant Barich acted under color of law or within the scope of his employment at the time of this occurrence is a legal conclusion to which no answer is required. As to any remaining allegations contained in paragraph 14, Defendant

    Barich is without knowledge or information sufficient to form a belief as to the truth of the matter asserted.

15. There was no justification for Defendants BARICH, DeMATO, and DALEY to have failed to comply with the United States Supreme Court's decision in Gerstein v. Pugh, 420 U.S. 103 (1975).

**ANSWER:** Paragraph 15 states a legal conclusion to which no answer is required. Alternatively, should an answer be required, Defendant Barich is without knowledge or information sufficient to form a belief as to the truth of the matter asserted.

16. The actions Defendants BARICH, DeMATO, and DALEY caused the Plaintiff to be deprived of his freedom, causing injury, including a loss of freedom and emotional damages.

**ANSWER:** Defendant Barich denies he caused the Plaintiff to be deprived of his freedom, causing injury, including a loss of freedom and emotional damages. Defendant Barich is without knowledge or information sufficient to form a belief as to the truth of the matter asserted in paragraph 16.

17. Furthermore, while the Plaintiff was in custody, all of the Individual Defendant Officers performed a search of the Plaintiff's home, illegally seizing certain property from the Plaintiff, including but not limited to cash, fixtures, appliances, jewelry, and other valuable property.

**ANSWER:** Defendant Barich denies that while the Plaintiff was in custody, Calumet City Officers performed an illegal search of the Plaintiff's home, and illegally seized property from the Plaintiff, including but not limited to cash, fixtures, appliances, jewelry and other property. As to any remaining allegations contained in paragraph 17, Defendant Barich is without knowledge or information sufficient to form a belief as to the truth of the matter asserted.

18. The Plaintiff brings a Section 1983 claim against Defendants BARICH, DeMATO, and DALEY for illegally detaining him in violation of *Gerstein*.

**ANSWER:** Defendant Barich admits that the Plaintiff states he is bringing a Section 1983 claim against the Defendant Officers for illegally detaining him in violation of *Gerstein*, but Defendant Barich denies that Plaintiff is entitled to judgment in his favor on this claim against him. As to the remaining allegations contained in paragraph 18, Defendant Barich is without knowledge or information sufficient to form a belief as to the truth of the matter asserted.

19. The Plaintiff brings a separate Section 1983 claim against all Individual Defendant Officers, and Defendant Employers, for the illegally [sic] seizure of Plaintiff's property and/or for their failure to intervene to prevent the unlawful seizure of Plaintiff's

property. Each individual Defendant Officer, who did not personally remove or damage property from the Plaintiff's home, had an opportunity to intervene, but failed to do so.

**ANSWER:** Defendant Barich admits that the Plaintiff states he is bringing a Section 1983 claim against the Individual Defendant Officers and Defendant Employers for the illegal seizure of Plaintiff's property and/or for their failure to intervene to prevent the unlawful seizure of Plaintiff's property, but Defendant Barich denies that Plaintiff is entitled to judgment in his favor on this claim against him. As to the remaining allegations contained in paragraph 19, Defendant Barich is without knowledge or information sufficient to form a belief as to the truth of the matter asserted.

20. The Plaintiff also brings a *Monell* claim against CALUMET CITY for its systematic practice of illegally detaining individuals in violation of *Gerstein*, and for its failure to train and discipline its police officers for their known continuance and systematic practice of violating individuals' rights under *Gerstein*.

**ANSWER:** This allegation is not directed at Defendant Barich, and therefore no answer is required. If the Court were to determine that an answer is required, Defendant Barich denies the allegations contained in paragraph 20.

WHEREFORE, Defendant Barich denies that Plaintiff is entitled to judgment or an award in his favor, and requests that judgment be entered in their favor and against Plaintiff, with costs.

## AFFIRMATIVE DEFENSES

**Affirmative Defense #1:**

At all times material to the events alleged in Plaintiff's complaint, a reasonably competent municipal officer, objectively viewing the facts and circumstances then confronting Defendant Barich, could have believed that the actions taken by him were objectively reasonable and were within constitutional limits that were clearly established at the time. Defendant Barich, therefore, is entitled to qualified immunity as a matter of law.

**Affirmative Defense #2:**

Under the Illinois Tort Immunity Act, Defendant Barich is not liable for acts or omissions in the execution or enforcement of any law unless such act or omission constitute willful and wanton conduct. 10/2-202

**Affirmative Defense #3:**

Under the Illinois Tort Immunity Act, Defendant Barich is not liable for any injury to Plaintiff caused by the act or omission of another person. 745 ILCS 10/2-204.

**Affirmative Defense #4:**

Under the Illinois Tort Immunity Act, Defendant Barich is not liable for any injury to Plaintiff arising out of entry upon Plaintiff's property, as such entry was authorized by law. 745 ILCS 10/2-209.

**Affirmative Defense #5:**

Under the Tort Immunity Act, Defendant Barich is not liable for any failure to provide adequate police protection or service or failure to prevent the commission of crimes. 745 ILCS 10/4-102.

                              Respectfully submitted,

                              CITY OF CALUMET CITY

                By:        /s/ Amy E. Zale
                              One of its attorneys

Richard F. Bruen, Jr.
Amy E. Zale
ODELSON & STERK, LTD.
3318 West 95th Street
Evergreen Park, IL 60805
(708) 424-5678