**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

CARNEAL ROBINSON,                                )
                                                 )
    Plaintiff,                                   )
                                                 )
    v                                            )
                                                 )
CALUMET CITY, VILLAGE OF POSEN,                  )
VILLAGE OF BURNHAM,  municipal                   )     Case No.: 15-cv-6752
corporations; SGT. BARICH, OFFICER               )
GUERRERO, DET. JIM RANDALL;                      )     Hon. Judge Dow
FIREFIGHTERS BRYANT,  STAPLETON,                 )
DIETRICH, BONIC and BALL, Calumet City           )
employees; INV. J. DALEY, Village of Burnham     )
officer; INV. C. DeMATO Village of Posen officer; )
INV. MATT GAINER, CSI JOHN FOSTER,               )
CSI DAN GARCIA, Illinois State Police employees,)
                                                 )
    Defendants.                                  )

**<u>MOTION TO COMPEL</u>**

Defendants City of Calumet City, Barich, Guerrero, Randall, Bryant, Stapleton, Dietrich, Bonic and Ball, by their attorneys ODELSON & STERK, LTD. and pursuant to Rule 37(3) of the Federal Rules of Civil Procedure moves this Court for a an order against Plaintiff Carneal Robinson for failing to produce his cell phone for inspection.  In support of this Motion, Defendants state as follows:

1.      Following a party at his home where one person was killed and another eight people were shot, Plaintiff claims the responding defendant officers and emergency responders stole and damaged items in his home, thereby resulting in this lawsuit.

2.      Defendants served their first request for production upon Plaintiff on November 18, 2015.  (Exhibit A).  Said request included:

· all photograph, slides, motion pictures, or video tapes taken at the scene of the Incident, of the parties to this lawsuit; or of the "cash and other valuable property that Plaintiff claims was stolen in his Complaint (Req. #3);

· all documents relating to any insurance claim or claim to law enforcement that Plaintiff made as to the cash and valuable property that he claims was stolen (Reqs. #4 and #5);

· all documents related to Plaintiff's damages, including but not limited to invoices, receipts, statements, appraisals, and photographs of the valuable property he claims was stolen (Req. #6); and

· all correspondences, including email and text messages, sent or received by Plaintiff pertaining in any way to the Incident, other than those sent to or received from Plaintiff's attorney (Req. #13).

3. "Document" was defined in a comprehensive sense to include electronically recorded matter (Ex. A, pp. 1-2).

4. Plaintiff claims coins and other currency was stolen on the night of the incident. Plaintiff testified at his deposition that his mother previously sent him photographs of the allegedly stolen coins. (Ex. B, Robinson deposition, pp. 159-60). Additionally, Plaintiff testified that he had a list of his coins and currency which was also stolen, but the image of the list had previously popped up on his current phone. (Ex. B, pp. 130-31). Plaintiff also testified he called his mother on the night of the incident. (Ex. B, p. 87).

5. Defendants therefore informed Plaintiff's attorney they wanted Plaintiff's cell phone to be produced to Defendant's expert to retrieve the requested information because the cell phone contained records responsive to their initial discovery request. To date, Plaintiff has not complied with the request.

6. In accordance with Local Rule 37.2, Defendants' counsel made good faith attempts to resolve this issue prior to filing this motion. Calumet City attorney Rich Bruen spoke with Plaintiff's attorney at the deposition of Plaintiff Robinson on September 14th and at the deposition of Ms. Shafeeq Johnson on October 31st concerning the need for Plaintiff to produce

his cell phone to retrieve the requested discovery materials. Additionally, the attorneys for Calumet City and Plaintiff exchanged multiple emails concerning this disputed issue. (Exhibit C). In the course of these emails Defendants' counsel also informed Plaintiff's counsel of the need for Plaintiff's icloud username and password in order to attempt to retrieve the list of allegedly stolen coins and currency.

7.      Discovery in this case is scheduled to close on December 15, 2016.

WHEREFORE, Defendants respectfully request this Honorable Court order Plaintiff to turn over his cell phone and icloud username and password within two (2) days to Odelson & Sterk, Ltd. for the purposes of Defendants' expert retrieving the information responsive to Defendants' discovery request, and for such further relief as this Honorable Court deems necessary.

Respectfully submitted,

CALUMET CITY DEFENDANTS

By:     /s/ Amy E. Zale_____
        One of their Attorneys

Amy E. Zale
ODELSON & STERK, LTD.
3318 W. 95th St.
Evergreen Park, IL  60805
(708) 424-5678