IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CARNEAL ROBINSON, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) ) No. 2015 cv 06752 |
| CALUMET CITY, a municipal corporation, and JOHN DOE OFFICERS, | ) ) ) ) |
| Defendant. | ) ) |

## DEFENDANT'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS TO PLAINTIFF

Defendants, City of Calumet City, by its attorneys, Odelson & Sterk, Ltd., pursuant to Fed. R. Civ. P. 34, serve upon Plaintiff Carneal Robinson the following requests for production of documents to be answered within thirty (30) days:

## DEFINITIONS

Each of the following definitions shall apply to all words, phrases and terms in the instructions, other definitions, and description of documents to be produced.

1. The word "communication" is used in a comprehensive sense and includes, but is not limited to: all inquires, discussions, conversations, negotiations, agreements, meetings, telephone conversations, letters, correspondence, telegrams, telexes, and entries in diaries, calendars, travel logs, printed or hand written writings reflected in documents or other forms of communication, including but not limited to, both oral and written communications.

2. The word "document" is used in a comprehensive sense and includes, without limitation, the original, drafts, copies, and other tangible evidence of any written, reproduced, electronically recorded, or graphic matter, including, but not limited to: books, records, statements,

1

**EXHIBIT A**

papers, letters, correspondence, telegrams, telexes, notes, memoranda, reports, summaries, diaries, calendars, bulletins, circulars, charts, instructions, bills, ledgers, promissory notes, stock certificates, loan agreements, subordination agreements, receipts, notebooks, photographs, video tapes, moving pictures, sketches, prints, advertisements, catalogs, magnetic tapes, discs, and any other material relating to, underlying, supporting, or used in the preparation of any of the foregoing.

3. The word "party" refers to any natural person, agency, corporation, institution, association, partnership, joint venture, firm, and other associations separately identifiable.

4. The documents and tangible things to be produced are those which are in the possession, custody, or control of Plaintiff and include, but are not limited to, those in the possession, custody or control of the Plaintiff's agents, employees, attorneys, accountants, and investigators.

5. The term "relate to" means consist of, refer to, reflect on, arise out of, or be in any way or manner legally, factually or logically connected with the matter discussed.

6. "Plaintiff" refers to Carneal Robinson.

7. "Incident" refers to the events described in Plaintiff's complaint that occurred on December 21, 2014 in Calumet City which is the subject of this lawsuit.

8. "Complaint" means the Complaint you filed in this matter and any subsequent amendments thereto

## INSTRUCTIONS

1. If Plaintiff deems any communications or document requested herein to be privileged, Plaintiff shall:

  (a) identify such communication or document in the manner requested;

    (b)    identify each person who participated in or was a party to such communication or has seen or had in their possession such document or to whom the contents thereof have been disclosed; the day or dates of such occurrence(s) and the relationship between Plaintiff and each such person; and

    (c)    indicate a claim or privilege therefore, and also briefly state on the grounds upon which the claim or privilege rests.

2. If Plaintiff had, at any time, possession of a document requested herein, and such document has been lost, destroyed or is not presently in the possession or control of Plaintiff, Plaintiff shall identify such documents and describe the date of and circumstances surrounding its loss, destruction, or separation from the possession of Plaintiff.

3. The Plaintiff is requested to furnish an Affidavit stating whether production is complete in accordance with this Request to Produce.

## DOCUMENTS REQUESTED

1. Any and all documents identified in responses to the Interrogatories.

2. The statement or writing of any witness to the Incident, whether signed or unsigned, in word-to-word fashion or in summarized fashion, concerning any of the occurrences alleged in the Complaint.

3. All photographs, slides, motion pictures, or video tapes taken at the scene of the Incident; of the parties to this lawsuit; or of the "cash and other valuable property" that Plaintiff claims was stolen in his Complaint.

4. Any and all documents relating to any insurance claim you made as to the cash and valuable property you claim was stolen.

5. Any and all documents relating to any report you made to any law enforcement agency as to the cash and valuable property you claim was stolen.

3

6. Any and all documents related to Plaintiff's damages, expenses or injuries claimed as a result of the occurrence which is the subject of this lawsuit, including but not limited to invoices, receipts, statements, appraisals, and photographs of the valuable property you claim was stolen

7. Any and all documents relating to any civil actions in which you have been a party in the last 10 years.

8. Any and all documents relating to any payment and/or other consideration received by you from a third party for compensation for the injuries alleged in the Complaint, including but not limited to any insurance company.

9. Copies of all police reports, investigative reports, pleadings, orders or other documents related to any criminal arrest or criminal case in which Plaintiff was a party.

10. Any and all documents examined or relied upon by any expert witness who will be called to testify.

11. Copies of the current curriculum vitae for each and every expert who will be called upon to testify at trial.

12. All reports or opinions prepared by any witness who will be called to testify at trial.

13. All correspondence, including email and text messages, sent or received by Plaintiff pertaining in any way to the Incident, other than those sent to or received from Plaintiff's attorney

14. Any document that will be shown to any deponent in this lawsuit.

15. All documents, exhibits or other evidence not already requested that will be used at trial.

16. All documents received in response to any subpoena issued.

17. An affidavit signed by Plaintiff or Plaintiff's attorney stating whether production is complete in accordance with this Request to Produce.

_____
One of Defendants' Attorneys

Richard F. Bruen, Jr.
Amy E. Zale
ODELSON & STERK, LTD.
3318 West 95th Street
Evergreen Park, IL 60805
708-424-5678

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

CARNEAL ROBINSON, )
      )
    Plaintiff, )
      )
vs. ) No. 2015 cv 06752
      )
CALUMET CITY, a municipal corporation, )
and JOHN DOE OFFICERS, )
      )
    Defendant. )

### CERTIFICATE OF SERVICE

TO:  Mr. Adrian J. Bleifuss Prados
DVORAK LAW OFFICES, LLC
140 S. Dearborn, Suite 404
Chicago, IL 60603
ableifuss@gmail.com

     The undersigned, an attorney, states that on **November 18, 2015**, he caused a copy of the attached **Defendant's First Set of Interrogatories to Plaintiff** and **Defendant's First Request for Production of Documents to Plaintiff**, to be served on the above-mentioned individual via email and by depositing same in the United States Mail located at 3318 W. 95th Street, Evergreen Park, Illinois properly addressed to said attorney with proper postage affixed thereto.

                                                                                   /s/ Richard Bruen

Richard B. Bruen, Jr.
**ODELSON & STERK, LTD.**
3318 West 95th Street
Evergreen Park, IL 60805
(708) 424-5678