IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| CARNEAL ROBINSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v | ) | |
| | ) | |
| CALUMET CITY, | ) | |
|  a municipal corporation; | ) | |
| LT. ERICKSON, LT. PIECH; | ) | |
| SGT. BARICH, SGT. MASON, | ) | CASE NO: 15-cv-6752 |
| SGT. GOVERT, SGT. SERRANO, | ) | |
| OFFICER GUERRERO, | ) | |
| DET. JIM RANDALL; | ) | Hon. Judge Dow |
| FIREFIGHTERS BRYANT, | ) | |
| STAPLETON, DIETRICH, | ) | |
| BONIC and BALL, | ) | |
| Calumet employees; | ) | |
| INV. MATT GAINER, | ) | |
| CSI JOHN FOSTER, | ) | |
| CSI DAN GARCIA, | ) | |
| Illinois State Police employees, | ) | |
| | ) | |
| . | ) | |
| | ) | |
| Defendants. | ) | |

**ISP DEFENDANTS' ANSWER TO THIRD AMENDED COMPLAINT**

Defendants MATTHEW GAINER, JOHN FOSTER, and DANIEL GARCIA, (collectively "the ISP Defendants") by and through their attorney, LISA MADIGAN, Attorney General for the State of Illinois, hereby answer the Plaintiff's Third Amended Complaint and state as follows:

I. **PARTIES**

  **PLAINTIFF:**

1. The Plaintiff, CARNEAL ROBINSON, is a resident of Cook County, State of Illinois.

   **ANSWER:** Defendants Gainer, Foster and Garcia are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 1.

**INSTITUTIONAL/DEFENDANT EMPLOYERS (Hereinafter "Defendant Employers"):**

2. Defendant CALUMET CITY is a city in Cook County, Illinois, and is a municipal corporation.

    **ANSWER:** Defendants Gainer, Foster and Garcia admit the allegations contained in Paragraph 2.

    **INDIVIDUAL OFFICERS (Hereinafter collectively referred to as the "Individual Defendant Officers"):**

3. Defendants BARICH, GUERRERO, RANDALL, BRYANT, STAPLETON, DIETRICH, BONIC, BALL, ERICKSON, MASON, GOVERT, SERRANO, and PIECH are police officers and/or firefighters who were working under color of law and in the course and scope of their employment with the Defendant CALUMET CITY at all relevant times pertinent to this complaint.

    **ANSWER:** Defendants Gainer, Foster and Garcia are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 3.

4. Defendants GAINER, FOSTER and GARCIA are Illinois State Police Officers who were working under color of law at all relevant times pertinent to this complaint.

    **ANSWER:** Defendants Gainer, Foster and Garcia admit the allegations contained in Paragraph 4.

II. **FACTS AND CLAIMS**

5. On the morning of December 21, 2014, the Plaintiff was arrested at the Calumet City Police Department by Defendant BARICH, pursuant to an investigation in which Barich was a lead investigator. During all times relevant to this complaint, Defendant GAINER was in charge of this same investigation, in his capacity as a commander in the South Suburban Major Crimes Task Force.

**ANSWER:** **Defendants Foster and Garcia are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 5. Defendant Gainer admits that he was in charge of the investigation in his capacity as a commander in the South Suburban Major Crimes Task Force and that Barich was a led investigator. Defendant Gainer denies the remaining allegations contained in Paragraph 5.**

6. The actions of Defendants BARICH, with respect to arresting the Plaintiff were unreasonable, willful and wanton, and/or done with malice.

   **ANSWER:** **Defendants Gainer, Foster and Garcia make no answer the allegations contained in Paragraph 6, as they contain no allegations against them. To the extent an answer is required, Defendants Gainer, Foster and Garcia deny the allegations contained in Paragraph 6.**

7. The Plaintiff remained in continuous custody of the Calumet City Police Department without being afforded any court appearance or review of probable cause by a magistrate from, upon information and belief, approximately 7:30 AM on December 21, 2014, to approximately 11:30 PM on December 23, 2014, a total of approximately 64 hours.

   **ANSWER:** **Defendants Gainer, Foster and Garcia are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 7.**

8. Continued detentions of of longer than 48 hours without review of probable cause by a neutral magistrate are presumptively unreasonable per the United States Supreme Court's decision in *Gerstein v. Pugh*, 420 U.S. 103 (1975) and its progeny.

   **ANSWER:** **Defendants Gainer, Foster and Garcia are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 8.**

9. Between the above dates and times, the aforementioned Defendants BARICH, GAINER, ERICKSON, MASON, GOVERT, SERRANO, and PIECH, were required, per *Gerstein* and its progeny, to ensure the Plaintiff was presented to a neutral magistrate for his initial court appearance or probable cause review or be released from custody, but they failed to do so.

   **ANSWER:** **Defendants Gainer, Foster and Garcia are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 9.**

10. There was no justification for Defendants BARICH, GAINER, ERICKSON, MASON, GOVERT, SERRANO, and PIECH to have failed to comply with the United States Supreme Court's decision in *Gerstein v. Pugh*, 420 U.S. 103 (1975).

    **ANSWER:** **Defendants Foster and Garcia make no answer the allegations contained in Paragraph 10, as they contain no allegations against them. To the extent an answer is required, Defendants Foster and Garcia deny the allegations contained in Paragraph 10. Defendant Gainer denies the allegations contained in Paragraph 10.**

11. The actions Defendants BARICH, GAINER, ERICKSON, MASON, GOVERT, SERRANO, and PIECH caused the Plaintiff to be deprived of his freedom, causing injury, including a loss of freedom and emotional damages.

    **ANSWER:** **Defendants Foster and Garcia make no answer the allegations contained in Paragraph 11, as they contain no allegations against them. To the extent an answer is required, Defendants Foster and Garcia deny the allegations contained in Paragraph 11. Defendant Gainer denies the allegations contained in Paragraph 11.**

12. Furthermore, while the Plaintiff was in custody, Defendants BARICH, GUERRERO, RANDALL, BRYANT, STAPLETON, DIETRICH, BONIC, BALL, GAINER, GARCIA, and FOSTER performed a search of the Plaintiff's home, illegally seizing certain property

from the Plaintiff, including but not limited to cash, fixtures, appliances, jewelry, and other valuable property.

**ANSWER:** **Defendants Gainer, Foster and Garcia deny the allegations contained in Paragraph 12.**

13. The Plaintiff brings a 1983 claim against Defendants BARICH, GUERRERO, RANDALL, BRYANT, STAPLETON, DIETRICH, BONIC, BALL, GAINER, GARCIA, and FOSTER for illegally seizing his property and/or for their failure to intervene prevent the unlawful seizure of Plaintiff's (as each individual Defendant Officer had an opportunity to intervene against the actions of the other(s)).

**ANSWER:** **Defendants Gainer, Foster and Garcia deny the allegations contained in Paragraph 13.**

14. The Plaintiff brings a Section 1983 claim against Defendants BARICH, GAINER, ERICKSON, MASON, GOVERT, SERRANO, and PIECH for illegally detaining him in violation of his above-described rights under *Gerstein*.

**ANSWER:** **Defendants Foster and Garcia make no answer the allegations contained in Paragraph 14, as they contain no allegations against them. To the extent an answer is required, Defendants Foster and Garcia deny the allegations contained in Paragraph 14. Defendant Gainer admits that Plaintiff states he is bringing the claim contained in paragraph 14, but denies that Plaintiff is entitled to judgment in his favor.**

15. The Plaintiff brings a claim against Defendants GAINER, ERICKSON, MASON, GOVERT, SERRANO, and PIECH for their roles as supervisors, in directing, encouraging, condoning, and/or turning a blind eye to the conduct of others, for the violation of the Plaintiff's rights under *Gerstein*.

**ANSWER:** **Defendants Foster and Garcia make no answer the allegations contained in Paragraph 15, as they contain no allegations against them. To the extent an answer is required, Defendants Foster and Garcia deny the allegations contained in Paragraph 15. Defendant Gainer admits that Plaintiff states he is bringing the claim**

**contained in paragraph 15, but denies that Plaintiff is entitled to judgment in his favor.**

16. The Plaintiff also brings a *Monell* claim against CALUMET CITY for its systematic practice of illegally detaining individuals in violation of *Gerstein*, and for its failure to train and discipline its police officers for their known continuance and systematic practice of violating individuals' rights under *Gerstein*.

    **ANSWER:** **Defendants Gainer, Foster and Garcia make no answer the allegations contained in Paragraph 16, as they contain no allegations against them. To the extent an answer is required, Defendants Gainer, Foster and Garcia deny the allegations contained in Paragraph 16.**

17. The Defendant CALUMET CITY is also being sued on an indemnification theory of liability for the federal claims asserted against the Individual Defendant Officers.

    **ANSWER:** **Defendants Gainer, Foster and Garcia make no answer the allegations contained in Paragraph 17, as they contain no allegations against them. To the extent an answer is required, Defendants Gainer, Foster and Garcia deny the allegations contained in Paragraph 17.**

WHEREFORE, Defendants GAINER, FOSTER, AND GARCIA pray that judgment be entered in their favor and against Plaintiff CARNEAL ROBINSON.

**ISP DEFENDANTS DEMAND A TRIAL BY JURY.**

**AFFIRMATIVE DEFENSES**

1. As to the federal claims, Defendants GAINER, FOSTER, AND GARCIA are entitled to qualified immunity as their conduct was objectively reasonable and did not violate any of Plaintiffs' clearly established constitutional rights.

2. At all times relevant herein, the actions of Defendants GAINER, FOSTER, AND

GARCIA were taken in the exercise of their official discretion and not prompted by malicious motives, and therefore Defendants are entitled to public officials' immunity from personal liability for the claims asserted in Plaintiffs' Third Amended Complaint.

          Respectfully submitted,

LISA MADIGAN
Attorney General of Illinois     By:    s/Shirley R. Calloway
          SHIRLEY R. CALLOWAY
          Assistant Attorney General
          General Law Bureau
          100 W. Randolph St., 13th Floor
          Chicago, Illinois 60601
          (312) 814-5581
          scalloway@atg.state.il.us